IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CR-29-1H

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　)
CHARLES SPIVEY, JR.,　　　　　 )
　　　　Defendant.　　　　　　　)


This matter is before the court on defendant's motion to dismiss for improper venue and failure to state an offense, [DE #26]. The government has responded, [DE #31], and the time for further filings has expired. These motions are ripe for adjudication.

### STATEMENT OF THE CASE

On April 5, 2017, defendant was indicted on one count of knowingly failing to register and update his registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). On July 21, 2017, defendant filed a motion to dismiss for improper venue under Fed. R. Crim. P. 12(b)(3)(A)(i) and for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v), [DE #26]. The arraignment in this case is set for the court's November 7, 2017 term.

**STATEMENT OF THE FACTS**

According to the government's response, defendant was convicted of several North Carolina offenses for which he was required to register as a sex offender for his lifetime, including two counts of Indecent Liberties with a Minor on August 16, 1989; one count of Indecent Liberties with a Minor on January 26, 1993; one count of Indecent Liberties with a Minor on December 15, 1993; and one felony Sex Offender Employment Violation on November 17, 2008.

Defendant last registered on September 25, 2015, when he reported to the New Hanover County Sheriff's Office and changed his address to homeless, residing in the woods at 2300 North College Road, Wilmington, North Carolina. One month later, on October 23, 2015, defendant was arrested for unlawfully being on the premises of a high school in New Hanover County, a felony offense. Defendant was released on bond. On June 9, 2016, New Hanover Sheriff's Office obtained an arrest warrant charging defendant with failing to report a new address after investigation revealed that he was not living at the Wilmington address he disclosed in September 2015. A separate arrest warrant was issued on August 9, 2016, because defendant failed to appear in court for the felony offense of Unlawfully Being on School Premises.

On December 9, 2016, the New Hanover Sheriff's Office requested the assistance of the NC Violent Fugitive Task Force (VFTF) to locate and apprehend defendant. VFTF received information that defendant and his wife had fled to Colorado Springs, Colorado. On December 30, 2016, defendant's bail bondsman from North Carolina traveled to Colorado to attempt to locate defendant. He apprehended defendant in Colorado Springs, Colorado, and brought him back to North Carolina. According to the manager at the Aspen Lodge in Colorado Springs, defendant had been living in room 37 with his family since October 27, 2016. Defendant never registered in Colorado and wrote a statement to that effect. In that statement, he further stated that he knew he had a warrant for failure to appear in North Carolina and knew that he was required to register within three days. Defendant has been charged in this court with failing to register in violation of 18 U.S.C. § 2250(a).

**COURT'S DISCUSSION**

I. Motion to Dismiss for Improper Venue

Defendant argues the Eastern District of North Carolina is an improper venue because the crime of failure to register did not occur in North Carolina, but rather in Colorado. SORNA provides, in pertinent part:

> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1

3

> jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

34 U.S.C. § 20913(c). The jurisdictions involved pursuant to subsection (a) are "each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a). The Supreme Court has determined the present tense of the statute requires a sex offender to register in the state of current residence within three days of change of residence, and there is no requirement for a sex offender under SORNA to update his registration in a state of former residence. Nichols v. United States, 136 S. Ct. 1113, 1117-18 (2016) (holding defendant was not required to register in Kansas once he departed Kansas as it was no longer a 'jurisdiction involved."). The government concedes post-Nichols, there is no longer a requirement under SORNA to update registration in the state in which the defendant no longer resides. [DE #31 at 15]. Thus, defendant allegedly only failed to register in Colorado within three days of his change of residence from North Carolina to Colorado.

Defendant therefore argues venue for a violation of SORNA is not proper in the Eastern District of North Carolina, as this district is not the district in which the crime occurred.

4

"Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. The government argues one such statute providing otherwise is 18 U.S.C. § 3237, providing "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237. Further,

> Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

The government argues a violation of 18 U.S.C. § 2250(a) is a continuing offense. The statute of the indictment criminalizes the conduct of whoever is (1) required to register under SORNA as a sex offender; (2) travels in interstate commerce; and (3) "knowingly fails to register or update a registration as required by SORNA." 18 U.S.C. § 2250(a). Government notes the essential second element conduct, interstate travel, was begun in the Eastern District of North Carolina, where defendant resided and was last registered, and defendant's violation has continuing effects on the Eastern

5

District of North Carolina. While there are no published Fourth Circuit cases on venue decisions in SORNA cases post-Nichols, the government cites unpublished opinions providing for venue in the district of the state in which the 18 U.S.C. § 2250 violation began.[1] United States v. Bailey, 592 F.App'x 206, 207 (4th Cir. 2015) (unpublished) (venue proper under continuing offense theory under 18 U.S.C. § 3237(a)); United States v. Atkins, 498 F.App'x 276, 277 (4th Cir. 2012) (unpublished) ((finding venue proper in the former residence state as "[a] convicted sex offender's act of interstate travel both 'serve[s] as a jurisdictional predicate for § 2250, [and[ is also … the very conduct at which Congress took aim' in enacting the statute.") (citing Carr v. United States, 560 U.S. 438, 455 (2010)).

Thus, the motion to dismiss for improper venue is DENIED.

II. Motion to Dismiss for Failure to State an Offense

Defendant argues the indictment, which charges defendant with "knowingly fail[ing] to register and update his registration" fails to state an offense because defendant, having moved to Colorado, did not have a duty to update his

---

[1] While there are no published Fourth Circuit cases post-Nichols addressing venue for a SORNA violation, there is a Fourth Circuit case post-Nichols related to conditions of supervised release for a violation of SORNA in which the defendant was indicted in Kentucky for failure to register as a sex offender, but consented to a transfer of his case to the Western District of Virginia, where he was last registered as a sex offender. United States v. Douglas, 850 F.3d 660, 662 (4th Cir. 2017) (noting the transfer of venue but without analyzing it).

6

registration in North Carolina. [DE #26 at 6]. However, as discussed supra, SORNA does require a sex offender to register in a current state of residence. 34 U.S.C. § 20913(a)&(c) (formerly cited as 42 U.S.C. § 16913). The language of the indictment charges defendant with the crime of "being required to register under [SORNA], and having traveled in interstate commerce, did knowingly fail to register and update his registration as required by [SORNA], in violation of 18 U.S.C. § 2250(a)." [DE #1 at 1].

Where, as here, the government charges in the conjunctive, "register and update registration," and the statute only provides the disjunctive, "register or update a registration as required by SORNA," the government only has to prove the disjunctive. See United States v. Perry, 560 F.3d 246, 256 (4th Cir. 2009)("It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive.") ((citing United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001) and United States v. Champion, 387 F.2d 561, 563 n. 6 (4th Cir. 1967)); see also United States v. Cruz, 439 F.App'x 209, 214, 2011 WL 2784102, at *4 (4th Cir. July 18, 2011) (unpublished) (("[I]t is well-established that 'where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of

the means.'") (citing United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000)). The court notes the statute under which defendant was indicted is worded in the disjunctive, "failed to register or update." 18 U.S.C. § 2250(a). The indictment does not fail to state an offense, and thus, defendant's motion to dismiss for failure to state an offense is DENIED.

## CONCLUSION

Based on the foregoing reasons, defendant's motion to dismiss for improper venue and failure to state an offense, [DE #26], is DENIED.

This 9th day of October 2017.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35

8